# Hannah Conrad, Plff. in Err., *v.* Susquehanna Building & Loan Association.

The claim of a widow to have $300 worth of the land of her former husband appraised and set apart to her under act of April 14, 1851, § 5, though superior to statute liens, such as that of a judgment, is not superior to a mortgage of the land executed by her husband in his lifetime.

(Decided May 17, 1886.)

Error to the Common Pleas of Northumberland County to review a judgment for plaintiff in an action of ejectment. Affirmed.

This case was submitted to the court upon the following agreed statement of facts:

Charles J. Conrad, by virtue of certain conveyances and as-

surances duly had and executed, became seised in his demesne as of fee of, in, and to the tract of land described in the writ of ejectment in this case.

Charles J. Conrad made and executed a certain bill single with warrants of attorney to confess judgment thereon to J. R. Kauffman for $162.18, upon which judgment was duly entered in the said court on May 27, 1874; which said judgment was a first lien on the said premises at the time of the death of C. J. Conrad and so remained until discharged by the sheriff's sale upon the mortgage hereinafter mentioned, except as affected by the appraisement under the widow's election in the orphans' court also hereinafter specified, and the decree of confirmation thereupon by the said court. Subsequently to the entry of the said judgment, the said Charles J. Conrad executed and delivered to the plaintiff, the Susquehanna Building & Loan Association, a certain mortgage in the sum of $800, to secure the payment of $400, in the manner and form set forth in said mortgage on the land therein recited, which said mortgage was duly recorded at Sunbury, in the office of the recorder of deeds, etc., in and for the county of Northumberland, August 26, 1876.

After the date of the entry of the said mortgage, to wit, on October 8, 1877, the said Charles J. Conrad died intestate, seised of the said tract of land, subject to the lien and operation of the said judgment and mortgage, leaving to survive him, *inter alios,* a widow, Hannah Conrad, the defendant. That letters of administration on his estate were granted in proper form to H. M. Conrad. That Hannah Conrad, widow of Charles J. Conrad, elected in writing to retain real property belonging to the estate of said deceased, to the value of $300, for the use of herself and family, pursuant to the provisions of the act of April 14, 1851; whereupon the administrator caused the same to be appraised by Adam Renn and Isaac D. Dewitt, who valued the same at $275; to which said appraisement exceptions were filed by the Susquehanna Building & Loan Association. April 11, 1881, the court filed an opinion, wherein it appeared that the exceptions are dismissed, to be without prejudice to the Susquehanna Building & Loan Association, and the appraisement is confirmed subject to the rights or claims of said Association, if

any rights, claim, or claims it has under and by virtue of its mortgage against Charles J. Conrad.

Subsequent to the filing of the said opinion, the Susquehanna Building & Loan Association sued out a writ of scire facias sur mortgage, wherein and whereby H. M. Conrad, administrator of the estate of Charles J. Conrad, deceased, with notice to Hannah Conrad, terre-tenant, were required to appear and show cause, if any they had, why the said mortgaged premises should not be sold in satisfaction of the debt due thereon. Judgment was entered on said scire facias in favor of the plaintiff, by default for want of a plea, May 22, 1882, for $476.16. A writ of levari facias was issued July 3, 1882, on the above judgment, whereby it appears that the land and tenements in question were sold to the Susquehanna Building & Loan Association for $160.

John C. Morgan, sheriff, made and executed a deed to the Susquehanna Building & Loan Association for the said tract of land, which deed was duly acknowledged in open court, September 8, 1882, delivered to said association, and recorded. The said Hannah Conrad was then and is now in possession of said premises, and was then and now is claiming right and title under and by virtue of the appraisement and setting apart of the said tract of land to her, agreeably to the provisions of the said act of April 14, 1851. It is expressly agreed that no second action of ejectment shall be brought, and that final judgment hereon shall be conclusive of the title to the said tract of land.

It is understood and agreed that all the proceedings in the orphans' court and the court of common pleas herein referred to shall be considered in evidence before the court.

If, upon the facts above stated, the court be of the opinion that the Susquehanna Building & Loan Association acquired good and sufficient title to the said tract of land under the sheriff's sale herein recited, and by virtue of their deed poll from John C. Morgan, sheriff, then judgment to be entered in favor of the plaintiff; but if not, then judgment to be entered for the defendant. The costs to follow the judgment and either party reserving the right to sue out a writ of error.

Upon these facts ROCKEFELLER, P. J., delivered the following opinion in the court below:

In Nerpel's Appeal, 7 W. N. C. 549, it was decided by the supreme court that a widow cannot claim $300 out of her deceased husband's real estate as against a mortgage given by him. In the case now before the court, the husband had given a judgment, which was a first lien, and then the mortgage of the Building Association, which was a second lien. The property was sold on a judgment obtained on the mortgage, and I can see no reason why the purchaser did not obtain a good title. When the property was awarded to the widow under her claim for the benefit of the $300 exemption law, it was expressly so awarded, subject to the rights or claim of the Building Association, if any it had, under the mortgage. Upon the facts and evidence referred to in the case stated, I am of opinion that the Susquehanna Building & Loan Association acquired a good and sufficient title to the tract of land described in the writ of ejectment under the sheriff's sale; and, therefore, judgment in favor of the plaintiff.

Defendant brought error.

*M. L. Snyder* and *Wm. A. Sober,* for plaintiff in error.—The court below relies on Nerpel's Appeal, 91 Pa. 334, 7 W. N. C. 549. In that case the mortgage was first in order of lien; in this, the mortgage was preceded by the lien of a judgment in full life, as well when the mortgage was entered as at the death of the mortgage-and-judgment debtor. This essentially changes the merits of the case.

The act of April 6, 1830 (P. L. 293), does not come to the protection of the mortgage in this case as it did in Nerpel's Appeal, 91 Pa. 334, 7 W. N. C. 549, for it is not here, as there, "prior to all other liens, except other mortgages, ground rents, and purchase money due the commonwealth." The mortgage by the decedent in this case was not a conveyance of the land. Preceded by the lien of judgments, it never acquired the character of a fixed lien under the provision of the act of 1830. A sheriff's sale of the land, under the facts of this case, whether

upon the mortgage or upon a prior or subsequent judgment, would equally have discharged the lien of all.   By that, more than the mere equity of redemption would have passed to the sheriff's vendee.   It would have conveyed the complete title. And in that event, as well the mortgagee as the judgment creditors would have been thrown upon the fund.   Helfrich v. Weaver, 61 Pa. 385; Girard Life Ins. Annuity & T. Co. v. Farmers' & M. Nat. Bank, 57 Pa. 388; Wertz's Appeal, 65 Pa. 306; Clarke v. Stanley, 10 Pa. 472.

If the rule in Nerpel's Appeal, 91 Pa. 334, 7 W. N. C. 549, does not apply, then she is within the provisions of the act of 1851.   To save its claim set up against the widow, the defendant in error must show itself, as mortgagee, entitled to more than a mere lien upon the land involved.   Being subsequent in order of lien to the judgment in evidence, it cannot do so.   And this opens the way for the application of the interpretation put upon the act of 1851 by this court in Spencer's Appeal, 27 Pa. 218; Hildebrand's Appeal, 39 Pa. 133; Nottes's Appeal, 45 Pa. 361.

*C. M. Clement,* for defendant in error.—That the mortgage upon which the judgment was obtained under which this land was sold was second in order of lien does not affect its characteristics, make it any less a pledge of specific real estate, or essentially change the merits of this case.

The act of April 6, 1830 (P. L. 293), simply prescribes that first mortgages should not be devested by sales on writs of venditioni exponas and levari facias.

The widow's statute of April 14, 1851, devests such liens as are created by statute, but cannot impair any lien created by the contract of the parties.   Gangwere's Appeal, 36 Pa. 466.

This mortgage was the first lien at the time of the sale.

The time of the sheriff's sale is the time to test the priority of the mortgage within the act of 1830.   Clarke v. Stanley, 10 Pa. 472.

This mortgage was more than a mere lien upon the land involved, and if the widow acquired any title to the land under the appraisement it was subject to the lien and obligation of the

mortgage.   Nerpel's Appeal, 91 Pa. 334; Bryar's Appeal, 111 Pa. 81, 1 Cent. Rep. 866, 2 Atl. 344.

The decree of the court confirming the appraisement is conclusive on the widow.   She took the land subject to the mortgage, and cannot claim adversely to it.   See Dorris v. Erwin, 101 Pa. 239; Schnepf's Appeal, 47 Pa. 37; Himes v. Jacobs, 1 Penr. & W. 152; Nace v. Hollenback, 1 Serg. & R. 540; Blythe v. McClintic, 7 Serg. & R. 341; Mather v. Clark, 1 Watts, 491.

PER CURIAM:

The judgment of the court is well supported by reason and by authority.   The act of 1851 is a legislative gift to a widow, which may devest such liens as are created by statute only, but does not devest one created by a mortgage.   A mortgage is a contract whereby the debtor specifically pledges the land therein described to his creditor as security for the mortgage debt.

While for some purposes a mortgage is a mere chose in action, yet for other purposes it is a formal pledge of the land, and a purchaser at sheriff's sale under the mortgage will take the land discharged from secret equities.

Judgment affirmed.